**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WEEKS MARINE, INC.** | **CIVIL ACTION** |
| **versus** | **NO. 2:15-cv-00600** |
| **RODNEY WATSON** | **SECTION** |
| | **JUDGE** |
| | **MAGISTRATE JUDGE** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff Weeks Marine, Inc. (Weeks Marine), a foreign corporation duly authorized to conduct business within the State of Louisiana, with offices in the Parishes of St. Tammany and Terrebonne, and with respect represents upon information and belief as follows:

I.

Weeks Marine, Inc. is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and is duly authorized to do, and is doing business within, the jurisdiction of the United States District Court for the Eastern District of Louisiana, with its principal business establishment in Louisiana located at 304 Gaille Drive, Covington, Louisiana, 70433.

II.

Mr. Watson is a person of the full age of majority, with a last known address of 12786 Joynton Road, Fluker, Louisiana, 70436. At the time of the filing of this pleading, it is believed that Mr. Watson is represented by Matthew D. Shaffer, Esq., of the law

firm Schechter McElwee Shaffer & Harris, L.L.P., 3200 Travis Street, 3rd Floor, Houston, Texas, 77006.

III.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction is conferred by 28 U.S.C. § 1333, and venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

IV.

The hopper dredge B.E. LINDHOLM is an industrial vessel bearing U.S. Coast Guard documentation number 685093.

V.

At all times material hereto, Weeks Marine employed Mr. Watson as a cook aboard the hopper dredge B.E. LINDHOLM, with a work hitch of 21 days on, and 21 days off, and Mr. Watson qualifies for seaman status under the Jones Act, specifically 46 U.S.C. § 30104.

VI.

Mr. Watson was a member of the International Organization of Masters, Mates & Pilots, ILA/AFL-CIO, and per the collective bargaining agreement between Weeks Marine and the International Organization of Masters, Mates & Pilots, ILA/AFL-CIO, Mr. Watson's maintenance rate was $20.00 per day.

VII.

On or about September 24, 2014, while the hopper dredge B.E. LINDHOLM was traveling in waters more than three miles offshore, Mr. Watson sustained a left leg

injury when a large wave/swell caused the hopper dredge B.E. LINDHOLM to roll, upending a steam table, with the steam table landing on Mr. Watson's left leg.

VIII.

Weeks Marine arranged and paid for medical treatment for Mr. Watson's left leg injury, inclusive of visits and physical examinations with physicians at the Covington Bone & Joint Clinic, 71211 Highway 21, Covington, Louisiana, and physical therapy, for the period of time encompassing September 24, 2014 through January 15, 2015.

IX.

Mr. Watson underwent an EMG/NCS at Northlake Neurological Institute on or about November 12, 2014, which reported a normal EMG of the left lower extremity, and normal nerve conduction studies of the left superficial peroneal sensory, sural sensory, peroneal motor, and posterior tibial motor nerves.

X.

Board certified orthopaedic surgeon Dr. Gordon Nutik found Mr. Watson to have reach maximum medical improvement (MMI) after a physical examination conducted on January 15, 2015, and physically capable of returning to his regular duties as a cook.

XI.

Weeks Marine paid all maintenance and cure benefits due and owing to Mr. Watson from the date of his injury to Mr. Watson reaching MMI on January 15, 2015.

XII.

After Mr. Watson achieved MMI and obtained his full-duty return to work release, Weeks Marine made several requests to Mr. Watson to return to work, with no response or reply from Mr. Watson.

XIII.

Mr. Watson has not provided any medical records or information that conflicts or contradicts Dr. Nutik's finding that Mr. Watson reached MMI and is physically capable of returning to his regular duties as a cook.

XIV.

Mr. Watson has failed to mitigate his damages and abandoned/deserted the vessel to which he was assigned by failing to return to work.

XV.

Weeks Marine seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, finding that Weeks Marine: (1) satisfied its obligation to pay maintenance and cure benefits to or on behalf of Mr. Watson from the date of his injury to the date Mr. Watson reached maximum medical improvement; (2) no further maintenance and cure benefits are owed to Mr. Watson as a result of his September 24, 2014 accident and injury.

XVI.

All of the foregoing is true and correct and within the jurisdiction of this Honorable Court.

**WHEREFORE,** Plaintiff Weeks Marine, Inc. prays that process in due form of law may issue, citing Defendant Rodney Watson to appear and answer within the time prescribed by law, and that after due proceedings are had, that there be judgment in favor of Plaintiff Weeks Marine, Inc., declaring that Plaintiff Weeks Marine, Inc. is not obligated to make maintenance and cure payments to Defendant Rodney Watson, and for all other legal, equitable, and general relief to which Plaintiff Weeks Marine, Inc. may be entitled.

Respectfully submitted on February 26, 2015.

WAITS, EMMETT, POPP & TEICH, L.L.C.

s/Matthew F. Popp

MATTHEW F. POPP (24608) T.A.
RANDOLPH J. WAITS (13157)
JOHN F. EMMETT (1861)
JORDAN N. TEICH (32254)
MARK A. HILL (33891)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: (504) 581-1301
Facsimile: (504) 585-1796
E-mail: mpopp@wep-law.com

**PLEASE SERVE:**

**RODNEY WATSON**
**12786 JOYNTON ROAD**
**FLUKER, LOUISIANA 70436**